IN THE MATTER OF JEROME D. OGAN. February 28, 1997. *Attorney at Law*, Disciplinary proceeding, Disbarment.

This bar discipline proceeding is another in a series of cases involving attorneys who participated in making false statements to federally insured financial institutions. Jerome D. Ogan pleaded guilty in the Federal District Court to a single count of making a false statement to a federally insured institution (18 U.S.C. § 1014 [1988 & Supp. 1993]). The record in this case shows that Ogan participated in thirty-three sales in which inflated, untrue sales prices were reported to lenders in order to obtain loans in amounts approaching ninety-five per cent of the sales prices (rather than in amounts at approximately eighty per cent of the sales prices, the normal percentage on which financial institutions based loans).

On March 11, 1996, the Board of Bar Overseers (board) voted in favor of filing an information recommending that Ogan be suspended from the practice of law for four years. The board adopted its hearing panel's report which compared the discipline to be recommended in this case with that in other cases involving similar attorney misconduct. The recommended discipline in this case (four years) was greater than that which the board had recommended in two discipline cases (three years) that were on appeal to this court at the time of the board's vote. Ogan's case, unlike the two cases on appeal, did not involve a financial institution that was itself part of the conspiracy to make false statements. Seventeen days after the date of the board's vote, this court decided *Matter of Nickerson*, 422 Mass. 333 (1996), and *Matter of Concemi*, 422 Mass. 326 (1996). In each case we rejected the board's recommendation of three-year suspensions. We directed that Concemi be disbarred and that Nickerson be indefinitely suspended from the practice of law. We treated the two cases differently, in part, because Con-

cemi individually profited from his wrongdoing, while Nickerson, a salaried employee, did not. *Matter of Nickerson, supra* at 336-337.

A single justice of this court held a hearing on May 15, 1996, and despite this court's recent conclusions in its *Concemi* and *Nickerson* opinions and the board's conclusion that Ogan's misconduct called for the imposition of greater discipline on him than on Concemi or Nickerson, the single justice, without explanation, imposed a suspension of four years. Bar counsel appealed.

Disbarment is the appropriate discipline in this case. The attorney, who has been a member of the bar since 1950, went along with the unlawful proposal of his much younger client, fearing that he might lose the client's business if he did not agree to prepare false documents. His remorse and cooperation with the Federal government do not warrant a lesser level of discipline.

The judgment of a four-year suspension is vacated. A judgment of disbarment retroactive to December 1, 1993, the date of the attorney's temporary suspension, shall be entered.

*So ordered.*

*Nancy E. Kaufman,* Assistant Bar Counsel.

*Thomas J. Butters* for the respondent.