IN THE MATTER OF STANLEY S. LABOVITZ. July 2, 1997. *Attorney at Law,* Disciplinary proceeding, Disbarment.

Stanley S. Labovitz appeals from a judgment of disbarment entered by a single justice of this court. We affirm the judgment.

Labovitz pleaded guilty in the United States District Court for the District of Massachusetts to thirteen serious felony charges involving bankruptcy fraud, diversion and concealment of assets, intentional fraud, and perjury. The charges arose from bankruptcy petitions and related documents Labovitz filed for himself personally, and on behalf of various corporations he owned or controlled, including Hartwell Realty Corporation; 316 Main Street, Inc.; and S.S.L., Inc. He was sentenced to fifteen months in prison, followed by twenty-four months of probation, and ordered to make restitution of $231,574. In affirming the judgment, the United States Court of Appeals for the First Circuit observed that "the indictment charged [Labovitz] with engaging in a scheme to defraud by filing" those bankruptcy petitions, "and thereafter transferring and concealing assets." The First Circuit also noted that the indictment "charged [Labovitz] with providing materially false information in connection with these petitions." See United States *vs.* Labovitz, U.S. Ct. App. No. 94-1725, slip op. at 2 (1995) (1st Cir. March 28, 1995).

Labovitz argues that the single justice erred in disbarring him because disbarment is a markedly disparate sanction from the sanctions typically imposed in comparable circumstances. He contends that because his ethical violations occurred while conducting personal business, and not in the practice of law, his case is governed by the so-called private citizen exception referred to in *Matter of Concemi*, 422 Mass. 326, 331 n.5 (1996).[1]

In support of his arguments, Labovitz alleges that the single justice failed to give proper deference to what he claims was a "binding finding" of a hearing

---

[1]Whatever the extent of the private-citizen exception may be, it does not apply here. The three cases cited in *Matter of Concemi*, 422 Mass. 326, 331 n.5 (1996), involved attorneys who signed false closing documents which concealed the existence of second mortgages relating to their own personal purchases of real estate. Other cases involving purely "private" misconduct by attorneys are likewise distinguishable. See *Matter of Gleason*, 10 Mass. Att'y Discipline Rep. 141 (1994) (attorney misrepresented to business partners the purchase price of investment property and retained for himself a portion of the undisclosed mark-up); *Matter of Coughlin*, 10 Mass. Att'y Discipline Rep. 47 (1994) (attorney convicted of education fraud for providing false income information in loan application submitted to daughter's college). None of these cases involved a situation, such as here, where an attorney has knowingly and repeatedly, with the intent to deceive, misrepresented facts to a tribunal in the course of representing himself and corporations that he owns or controls.

panel of the Board of Bar Overseers (board), thereafter adopted by the board, that his "sanctionable conduct occurred primarily and substantially in the course of his personal business affairs . . . and not in the course of client representation." However, this characterization of Labovitz's misconduct was not a finding of fact which this court is required to accept. See S.J.C. Rule 4:01, § 8 (3), as amended, 415 Mass. 1304 (1993). Rather, the implications of Labovitz's actions on the Bankruptcy Court and his creditors are inferences and legal conclusions to be drawn from the facts. See *Matter of Orfanello*, 411 Mass. 551, 556 (1992) (court is bound by the board's findings of fact but is free to draw reasonable inferences from those findings whether or not the board did so). Indeed, the statement relied on by Labovitz was made by the panel in the section of its report entitled "Conclusions of Law."

Labovitz also challenges the single justice's statement that "[a]t least one of the convictions [Hartwell] involves the interests of a client," because, he asserts, this fact was not found by the hearing panel. Contrary to Labovitz's assertion, the hearing panel specifically found that "as to the Hartwell transactions . . . [Labovitz's] conduct as its lawyer in presenting its statement of financial condition with knowing falsehood was in behalf of a client."

We agree with the single justice's determination that disbarment is the appropriate remedy in the circumstances of this case, and is not markedly disparate from the sanctions imposed in similar cases. "Felony convictions generally require disbarment." *Matter of Concemi, supra* at 329, quoting *Matter of Paris*, 9 Mass. Att'y Discipline Rep. 257, 257 (1993). Such a sanction is appropriate when "a lawyer engages in serious criminal conduct, a necessary element of which includes intentional . . . misrepresentation [or] fraud." *Matter of Concemi, supra* at 329-330, quoting ABA Standards on Imposing Lawyer Sanctions § 5.11 (a) (1986). Furthermore, Labovitz has not shown any "special mitigating circumstance[s] that would justify deviation from the usual and presumptive sanction of disbarment following conviction of a serious crime." *Matter of Concemi, supra* at 330.

As the single justice aptly remarked:

> "[Labovitz's] convictions are all the more serious because [he] practiced in the area of bankruptcy and creditors' rights and thus, was more able to manipulate and conceal assets. . . . [This] case [is] one in which serious criminal conduct has occurred, involving fraud and dishonesty, committed against a court by an experienced lawyer in connection with the practice of law and adversely involving, in one instance, a client's interests."

The judgment of the single justice disbarring Labovitz is affirmed.

*So ordered.*

*Thomas A. Bockhorst* for the respondent.
*Nancy E. Kaufman*, Assistant Bar Counsel.
*Stanley S. Labovitz*, pro se, submitted a brief.