IN THE MATTER OF JOHN F. DOYLE. June 9, 1999. *Attorney at Law,* Disciplinary proceeding, Suspension.

Bar counsel appeals from a judgment of a single justice of this court indefinitely suspending the respondent, John F. Doyle, from the practice of law. We affirm.

The respondent pleaded guilty in the Federal District Court for the District of Massachusetts to one count of conspiracy in violation of 18 U.S.C. § 371 (1994). The conspiracy was to make, and cause to be made, false statements on mortgage loan documents for the purpose of influencing ComFed Savings Bank, a federally insured institution. See 18 U.S.C. § 1014 (1994). Bar counsel thereafter filed a petition for discipline with the Board of Bar Overseers (board).[1] Both the panel hearing the matter and the full board recommended that the respondent be indefinitely suspended. After a hearing, the single justice ordered an indefinite suspension retroactive to the date of the respondent's earlier temporary suspension. Bar counsel contends, as he argued before the single justice, that disbarment is the appropriate remedy.

We review de novo the question of the appropriate level of discipline to be imposed. *Matter of Kennedy,* 428 Mass. 156, 156 (1998). Our goal is to ensure that the sanction ordered by the single justice is not markedly disparate from what has been ordered in comparable cases. *Matter of Tobin,* 417 Mass. 81, 88 (1994). *Matter of Palmer,* 413 Mass. 33, 37-38 (1992). *Matter of Alter,* 389 Mass. 153, 156 (1983). While the review is de novo in the sense that no special deference is given to the single justice's determination, we, like the single justice before us, must be "mindful that the board's recommendation is entitled to substantial deference." *Matter of Tobin, supra.* See *Matter of Palmer, supra* at 40; *Matter of Alter, supra* at 157-158.

Applying these principles, we conclude that an indefinite suspension is not markedly disparate from the results reached in similar cases. This case has some of the features of *Matter of Ogan,* 424 Mass. 1015 (1997), in which we rejected the board's recommendation of a four-year term suspension and ordered disbarment; *Matter of Nickerson,* 422 Mass. 333 (1996), in which we ordered an indefinite suspension instead of the three-year suspension recommended by the board; and *Matter of Concemi,* 422 Mass. 326 (1996), in which we ordered disbarment instead of the three-year suspension the board had recommended.[2] The respondent's misconduct was less egregious than the misconduct in *Matter of Kennedy, supra,* a case in which we ordered disbarment instead of the indefinite suspension recommended by the board.[3]

---

[1] The petition alleged that the respondent had been convicted of a "serious crime" as defined in S.J.C. Rule 4:01, § 12 (2), 365 Mass. 696 (1974), and that his conduct violated S.J.C. Rule 3:07, DR 1-102 (A) (4) ("conduct involving dishonesty, fraud, deceit, or misrepresentation") and DR 1-102 (A) (6) ("conduct that adversely reflects on his fitness to practice law"), as appearing in 382 Mass. 769 (1981), as then in effect.

[2] We have said that "disbarment or indefinite suspension is the presumptive sanction following a felony conviction for actions undertaken in the practice of law." *Matter of Nickerson,* 422 Mass. 333, 337 (1996). Ordinarily, "[i]mposing anything less than indefinite suspension . . . would be disparate." *Id.*

[3] *Matter of Kennedy* was a close case, as reflected by the board's four-to-three vote recommending an indefinite suspension (with the minority favoring disbarment). *Matter*

The board found that the mitigating factors resembled those in the *Nickerson* case more than those in the *Concemi* case. The respondent admitted his guilt early in the criminal proceeding, cooperated fully with the Federal prosecutors and bar counsel, and pleaded guilty to a single count of conspiracy. The hearing panel found "an extraordinarily high level of 'typical' mitigating factors of community service," as well as "genuine contrition, acceptance of responsibility and remorse."[4] We agree that these considerations tip the scale in favor of an indefinite suspension on this record.[5]

This is a close case, and, as often happens, none of the other cases is a perfect fit. "We need not endeavor to find perfectly analogous cases," however, "nor must we concern ourselves with anything less than marked disparity of the sanctions imposed." *Matter of Hurley*, 418 Mass. 649, 655 (1994) (upholding indefinite suspension of attorney convicted of conspiracy in violation of 18 U.S.C. § 371). Judging this case on its own merits, *Matter of Nickerson*, *supra* at 335, quoting *Matter of the Discipline of an Attorney*, 392 Mass. 827, 837 (1984), and with an eye toward "the effect upon, and perception of, the public and the bar," *Matter of Alter*, *supra* at 156, we hold that an indefinite suspension is the correct remedy.

*Judgment affirmed.*

. The case was submitted on briefs.

*William F. York & Emanuel Bardanis* for the respondent.

*Arnold R. Rosenfeld*, Bar Counsel, & *Nancy E. Kaufman*, Assistant Bar Counsel.

[4] As a factor in aggravation, bar counsel notes that the respondent has previously been privately reprimanded for misconduct involving an estate.

[5] Remorse and cooperation do not necessarily warrant a level of discipline less than disbarment. See *Matter of Ogan*, 424 Mass. 1015, 1016 (1997). "Typical" mitigating evidence historically has not been given substantial weight. See *Matter of Saab*, 406 Mass. 315, 327 (1989). That is not to say, however, that these considerations can play no role at all in the process, in an appropriate case.