IN THE MATTER OF ROBERT A. GOLDBERG. July 18, 2001. *Attorney at Law,* Disciplinary proceeding, Informal admonition, Public reprimand.

Bar counsel appeals from an order of a single justice of this court affirming the recommendation of the Board of Bar Overseers (board) that an admonition be administered to the respondent for certain misconduct that resulted in his convictions of assault and battery by means of a dangerous weapon, assault and battery on a public servant, assault and battery on a police officer, and indecent exposure. See S.J.C. Rule 4:01, § 12 (1), as appearing in 425 Mass. 1313 (1997). Bar counsel challenges the recommended sanction and contends that the respondent should receive a public reprimand. We vacate the decision of the single justice and remand the matter to the county court for imposition of a public reprimand.

The underlying disciplinary proceeding concerned two separate incidents involving the respondent. The first involved the respondent's encounter with a traffic enforcement officer following an especially emotional visit with his mother, who was suffering from a debilitating disease. As a result of this incident, the respondent was charged with assault and battery by means of a dangerous weapon and assault and battery on a public servant. The second incident, which occurred approximately two months later while the respondent was attempting to change a lock on the door of his condominium unit, resulted in charges of indecent exposure and assault and battery on a police officer.

On November 20, 1998, a judge in the Roxbury Division of the District Court Department held a pretrial conference on the charges resulting from

both incidents. The respondent admitted to sufficient facts for each charge. The judge ordered the respondent to perform community service and, over the Commonwealth's objection, continued the case without a finding for one year.

Pursuant to S.J.C. Rule 4:01, § 12 (9), as appearing in 425 Mass. 1313 (1997), bar counsel notified this court of the criminal misconduct. A single justice then remanded the matter to the board for further proceedings. The board eventually adopted a hearing committee's recommendation that bar counsel administer an admonition to the respondent. On the filing of an information at the request of bar counsel, the single justice agreed.

We review de novo the question of the appropriate level of discipline to be imposed to ensure that the sanction ordered by the single justice is not markedly disparate from what has been ordered in comparable cases. *Matter of Kersey*, 432 Mass. 1020, 1020 (2000), cert. denied sub nom. *Kersey* v. *Crane*, 531 U.S. 1127 (2001). *Matter of Doyle*, 429 Mass. 1013, 1013 (1999). *Matter of Kennedy*, 428 Mass. 156, 156 (1998). Nevertheless, "[w]hile the review is de novo in the sense that no special deference is given to the single justice's determination, we, like the single justice before us, must be 'mindful that the board's recommendation is entitled to substantial deference.' " *Matter of Doyle*, *supra*, quoting *Matter of Tobin*, 417 Mass. 81, 88 (1994).

Applying those principles, we conclude that the sanction of admonition recommended by the board and imposed by the single justice was markedly disparate. The presumptive sanction imposed on an attorney convicted of a felony, especially those involving misrepresentation, fraud, or other serious criminal conduct, is suspension or disbarment. We have departed from the presumptive sanction only in extraordinary cases involving special mitigating circumstances. *Matter of Concemi*, 422 Mass. 326, 329-330 (1996).

Bar counsel does not seek the presumptive sanction of disbarment or suspension, but instead, recognizing that this case involves unusual circumstances, argues only that the respondent receive a public reprimand.[1] We agree that a public reprimand is the appropriate sanction. Taking into consideration the mitigating circumstances warrants departure from the presumptive sanction of disbarment or suspension, and imposition of a public reprimand. However, given the lack of control over his conduct that the respondent has exhibited in his abusive treatment of two public officials that resulted in one felony and three misdemeanor charges, we see no reason to depart so far as to impose only an admonition. An admonition here would be markedly disparate from sanctions imposed in similar cases and would not adequately protect the public interest and deter similar conduct. See *Matter of Valerio*, 10 Mass. Att'y Discipline Rep. 281 (1994) (suspending attorney for one year following his convictions of threatening to commit crime and assault by means of dangerous weapon). See also *Matter of Kennedy*, *supra* at 158.

The order of the single justice is vacated. The case is hereby remanded to the county court where a judgment shall be entered imposing a public reprimand. The record in this case is to be unimpounded. See *Matter of Fordham*, 423 Mass. 481, 495 (1996).

---

[1] In his brief, bar counsel requests that the respondent receive "at least" a public reprimand. Bar counsel, however, advances no argument in support of a greater sanction to merit consideration by this court. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

*So ordered.*

*Nancy E. Kaufman,* Assistant Bar Counsel.

*Robert A. Goldberg,* pro se.