IN THE MATTER OF SUSAN P. OTIS. January 31, 2003. *Attorney at Law,* Disciplinary proceeding, Disbarment.

Susan P. Otis appeals from a judgment of a single justice of this court disbarring her from the practice of law. We affirm.

The respondent was convicted in the United States District Court for the District of Massachusetts of one count of conspiracy to commit bankruptcy fraud, 18 U.S.C. §§ 2 and 152 (2000), in violation of 18 U.S.C. § 371 (2000). *United States* v. *Stein*, 233 F.3d 6, 22-23 (1st Cir. 2000), cert. denied, 532 U.S. 943 (2001) (affirming convictions of respondent and codefendants).[1] Thereafter, bar counsel filed a petition for discipline with the Board of Bar

[1] According to the United States Court of Appeals for the First Circuit, the respondent's wrongful conduct spanned several years, during which the respondent received certain beneficial tax advantages arising out of fraudulent claims on her Federal income tax returns. *United States* v. *Stein*, 233 F.3d 6, 22 (1st Cir. 2000), cert. denied, 532 U.S. 943 (2001). The conspiracy involved two other attorneys, who have since submitted their resignations and have been disbarred. Matter of Stein, S.J.C. No. BD-1999-025 (May 30, 2001). Matter of Golenbock, S.J.C. No. BD-1999-024 (May 30, 2001).

Overseers (board).[2] Both the committee hearing the matter and the board recommended that the respondent be disbarred, retroactive to the date of her temporary suspension. After a hearing, the single justice entered a judgment of disbarment. The only issue on appeal is whether the respondent should be "disbarred or given the lesser sanction of indefinite suspension." *Matter of Kennedy*, 428 Mass. 156, 156 (1998).

We review de novo the sanction ordered by the single justice, *Matter of Kennedy, supra* at 156, giving substantial deference to the board's recommendation, *Matter of Tobin*, 417 Mass. 81, 88 (1994), to ensure that the discipline imposed is not markedly disparate from that which has been imposed in comparable cases. E.g., *Matter of Alter*, 389 Mass. 153, 156 (1983).

We begin with the premise that disbarment is the "usual and presumptive sanction" for conviction of a serious crime. *Matter of Concemi*, 422 Mass. 326, 330 (1996). "[D]isbarment or indefinite suspension is the usual sanction imposed" following a felony conviction. *Id.* at 329. In *Matter of Concemi, supra*, we quoted with approval § 5.11(a) of the ABA Standards on Imposing Lawyer Sanctions (1986), which provides that disbarment is appropriate where a necessary element of the crime for which the respondent was convicted "includes intentional . . . misrepresentation [or] fraud . . . or an attempt or conspiracy or solicitation of another to commit any of these offenses." *Matter of Concemi, supra* at 329-330.

Although deviation from the "usual and presumptive sanction of disbarment" may be justified where a respondent shows a "special mitigating circumstance," *id.* at 330, such circumstances have not been demonstrated here. See, e.g., *Matter of Goldberg*, 434 Mass. 1022 (2001).[3] The fact that a single felony conviction was involved, particularly where that felony

---

[2]The petition alleged that the respondent had been convicted of a "serious crime" as defined in S.J.C. Rule 4:01, § 12, 365 Mass. 696 (1974), and that her conduct violated Mass. R. Prof. C. 8.4 (a)-(d) and (h), 426 Mass. 1429 (1998), as then in effect.

[3]The respondent argues that her offending conduct did not involve clients or the practice of law. Her conduct did, however, involve fraud in connection with judicial proceedings, and the respondent testified to her belief at the time that the conveyance was made fraudulently and, perhaps, to conceal wrongful use of client funds. We decline to apply any so-called "private citizen" exception in these circumstances. See *Matter of Labovitz*, 425 Mass. 1008, 1008 n.1 (1997) (alleged private citizen exception did not apply where "an attorney has knowingly and repeatedly, with the intent to deceive, misrepresented facts to a tribunal").

The respondent also states, among other things, that she and members of her family were confronted with certain health and other family issues during the period of charged conspiracy. These are the type of "typical" mitigating factors that are not given substantial weight, particularly with such a lengthy period of wrongdoing (the conspiracy continued from 1989 until at least 1996). See *Matter of Saab*, 406 Mass. 315, 327 (1989); *Matter of Alter*, 389 Mass. 153, 156 (1983). Contrary to the respondent's contention, her misconduct is not mitigated by her frequent pro bono representation of indigent clients or her lack of a prior record of discipline. See *Matter of Kennedy*, 428 Mass. 156, 158-159 (1998) (reputation in community, pro bono representation of clients, and other acts, though commendable, do not "alone offset the consequences of serious unethical conduct"); *Matter of Dawkins*, 412 Mass. 90, 96-97 (1992) (absence of prior discipline and practice devoted to disadvantaged clients do not overcome harm to involved client).

concerned fraud on a court, see *Matter of Labovitz*, 425 Mass. 1008, 1008 n.1 (1997), and occurred over a period of years, neither changes our analysis nor mitigates the sanction. We share the committee's "particular" concern with the respondent's "cavalier attitude about her wrongdoing," as reflected in her testimony at the hearing before it. See *Matter of Kerlinsky*, 428 Mass. 656, 666 (1999).

In *Matter of Labovitz, supra,* a case involving multiple counts of bankruptcy fraud, we concluded that disbarment was warranted. In *Matter of Grant*, 10 Mass. Att'y Discipline Rep. 144 (1994), which also involved bankruptcy fraud, the board did not recommend disbarment, and a single justice concluded that a term suspension was warranted because the fraud involved an "isolated act" and not a "scheme." Here, the respondent's conviction was based on various acts perpetuating a fraud over the course of several years, and the fraud cannot fairly be characterized as "isolated." See *Matter of Rogers*, 7 Mass. Att'y Discipline Rep. 251 (1991). In the circumstances, and giving substantial deference to the board's recommendation, we cannot say that disbarment is a markedly disparate sanction.

The judgment of the single justice disbarring the respondent is affirmed.

*So ordered.*

*Stephen J. Duggan* for the respondent.
*Robert I. Warner*, Assistant Bar Counsel.