IN THE MATTER OF DAVID A. HOICKA. June 10, 2004. *Supreme Judicial Court,* Appeal from order of single justice. *Attorney at Law,* Disciplinary proceeding, Conflict of interest, Public reprimand, Assessment of costs. *Conflict of Interest. Notice.*

The respondent, David A. Hoicka, appeals from the judgment of a single justice of this court ordering that he be publicly reprimanded and that he pay costs to the Board of Bar Overseers (board).

Bar counsel filed a six-count petition for discipline with the board against the respondent alleging that he had violated various disciplinary rules arising out of his representation of clients A, B, and C during the period April, 1992, through at least October, 1993.[1] After an eight-day hearing on the petition, a special hearing officer assigned by the board concluded that bar counsel had failed to sustain its burden of proof with respect to the first four counts. With respect to the remaining two counts, the special hearing officer concluded that bar counsel had established that the respondent engaged in conflicts of interest, in violation of S.J.C. Rule 3:07, Canon 5, DR 5-101 (A), as appearing in 382 Mass. 779 (1981), and DR 5-105 (A), as appearing in 382 Mass. 781 (1981); issued a report of his findings of fact and conclusions of law; and recommended that the respondent be publicly reprimanded.[2]

Both parties appealed to the board. An appeal panel adopted the special hearing officer's report and recommendation, and voted unanimously to deny both appeals. The board voted unanimously to adopt the appeal panel report and its recommendation. The respondent exercised his right, pursuant to S.J.C. Rule 4:01, § 8 (4), as appearing in 425 Mass. 1309 (1997), to demand that an

[1]Clients A and B are individuals; client C is a corporation.

[2]The special hearing officer additionally found a violation of S.J.C. Rule 3:07, Canon 5, DR 5-105 (B), as appearing in 382 Mass. 781 (1981). That rule was not addressed by the appeal panel and has not been specifically pressed on appeal.

information be filed with the county court. After the board filed an information and the record of proceedings, a single justice ordered that the respondent be publicly reprimanded and that he pay costs to the board, pursuant to S.J.C. Rule 4:01, § 23, as appearing in 425 Mass. 1330 (1997).

1. *Sufficiency of notice.* During the hearing, bar counsel's theory of the case was that the respondent had "engaged in a series of deliberately dishonest transactions aimed at defrauding creditors and stealing [a corporate client, client C,]" from clients A and B. On appeal, the respondent argues that because this was the focus of the petition for discipline, he was not given fair notice that conflict of interest issues were also before the special hearing officer. We disagree. The relevant counts of the petition squarely and unequivocally charged the respondent with engaging in conflicts of interest in violation of the disciplinary rules, and the special hearing officer's findings and conclusions arose out of the same operative facts. See *Zauderer* v. *Office of Disciplinary Counsel,* 471 U.S. 626, 654 (1985) (where violation of rule charged, but theory of culpability changed, no due process violation); *Matter of Saab,* 406 Mass. 315, 323-324 (1989) ("no obligation to notify the respondent about the particular theory under which his case may be considered"); *Langlitz* v. *Board of Registration of Chiropractors,* 396 Mass. 374, 376-378 (1985) (administrative agencies not required to provide detailed description of intended evidence).[3]

Both count five and count six incorporated by reference the allegations of the preceding paragraphs of the petition for discipline. Read as a whole, the factual allegations of the petition for discipline were sufficient to put the respondent on notice that his actions in 1993 with respect to A's departure from C constituted a conflict of interest. With respect to count six, while it does allege, among other things, that "[a]cting without [B's] knowledge or authority, the respondent signed [B's] name, as president of [C], to the UCC-1," the respondent was on notice that his conduct with respect to obtaining the UCC-1 statement constituted, among other things, a conflict of interest. See *Zauderer* v. *Office of Disciplinary Counsel, supra* (where theory of how advertisement was deceptive changed, discrepancy did not violate guarantee of due process); *Matter of Abbott,* 437 Mass. 384, 392 (2002) (petition for discipline gave respondent sufficient notice that document submitted to bar counsel was being challenged); *Langlitz* v. *Board of Registration of Chiropractors, supra.*

2. *Sufficiency of evidence.* With respect to the fifth count, there was

[3]Although he did not raise the issue before the single justice, there is no merit to the respondent's contention on appeal that a conflict of interest with respect to successive representation of clients must always be charged under S.J.C. Rule 3:07, Canon 4, as amended, 421 Mass. 1304 (1995), and never under Canon 5. E.g., *Admonition No. 97-64,* 13 Mass. Att'y Discipline Rep. 974, 974 (1997) (respondent violated Canon 5 when he "assisted one former client whose interests had become adverse to those of another former client in the same matter in which he had represented them jointly"); *Matter of the Discipline of an Attorney,* 3 Mass. Att'y Discipline Rep. 104, 108 (1982) ("the respondent's representation of a client in a matter substantially related to a relationship with a former client constitutes a violation of Canon 5 and DR 5-105[A] and [D]"). Cf. *Adoption of Erica,* 426 Mass. 55, 59-60 (1997) ("Canon 5 by its terms *generally* applies to the more acute conflicts that arise with the simultaneous representation of clients who have adverse interests" [emphasis added]). We are satisfied that bar counsel met his burden of proof with respect to Canon 5 in this case.

substantial evidence that the respondent represented both A and C in connection with A's efforts to regain control of the company. There was also substantial evidence that in February and March, 1993, the respondent undertook to represent C on matters adverse to (by then, former client) A that were related to his prior representation of A. Indeed, one basis for the special hearing officer's conclusion that a fraudulent transaction had not occurred in April, 1992, was that it was at "least as plausible, given the state of the corporation, that [A] simply sold her ownership interest in [C] in exchange for the opportunity to continue to work there as an employee."

With respect to the sixth count, while the special hearing officer concluded that bar counsel failed to sustain his burden of demonstrating that B's signature on the UCC-1 form was a forgery, the special hearing officer concluded that the respondent had not sustained "his burden of proving that he made the full disclosure necessary to obtain [B's] informed consent." See *Matter of Eisenhauer*, 426 Mass. 448, 452, cert. denied, 524 U.S. 919 (1998) (attorney has affirmative duty to disclose conflict of interest and bears burden of demonstrating informed consent). "[T]he attorney who bargains with his client in a matter of advantage to himself must show . . . that it was in all respects fairly and equitably conducted." *Pollock* v. *Marshall*, 391 Mass. 543, 555 (1984), quoting *Hill* v. *Hall*, 191 Mass. 253, 262 (1906). There was substantial evidence to support the special hearing officer's conclusion that the respondent did not obtain his client's informed consent prior to procuring B's signature on the UCC-1 form. See *Matter of Saab, supra* at 328 (hearing officer is sole judge of credibility and is not required to credit any particular testimony or evidence).

3. *The sanction.* On appeal, we review de novo the sanction ordered by the single justice, but we give deference to the board's recommendation. *Matter of Otis*, 438 Mass. 1016, 1017 (2003). As between a private admonition and a public reprimand,[4] the hearing officer found that the respondent's conduct was mitigated by his inexperience and other factors, but aggravated by lack of candor at the hearing, and recommended that he be publicly reprimanded. On appeal, the respondent contends that he had no intent to deceive. Our task is not to discern whether the respondent's testimony was deliberately false or whether he was merely confused or mistaken; that determination was for the special hearing officer, who heard the testimony. *Matter of Saab, supra* at 328; *Matter of Hachey*, 11 Mass. Att'y Discipline Rep. 102, 103 (1995).

As the appeal panel noted, the respondent was an inexperienced attorney, see *Matter of Pike*, 408 Mass. 740, 744 n.4 (1990), having been admitted to practice for less than one year when the representation commenced; his conduct resulted in no actual harm to any client, see *Matter of Alter*, 389 Mass. 153, 157 (1983); and he "represented a difficult client whose legal problems were numerous and complex." Nonetheless, the respondent engaged in two distinct acts of conflict of interest, acting adversely to two separate clients at two different times and in two separate transactions. The lack of candor referenced by the special hearing officer was appropriate for the board's consideration in formulating its disciplinary recommendation, *Matter of Eisenhauer, supra* at 436, and removes any concern that public discipline may be inappropriate.

---

[4]Bar counsel does not contend that any greater sanction is required.

4. *Costs.* The information filed with the court indicated that $6,815.23 was expended by the board for stenographic, photocopying, and mailing costs, in furtherance of the disciplinary proceedings in this matter. Implicit in the inclusion of those amounts in the information was a request by the board for reimbursement. Pursuant to S.J.C. Rule 4:01, § 23, the single justice has discretion to award costs to the board in any disciplinary matter. The single justice was within his discretion to conclude that some of the costs of the proceeding should be borne by the attorney whose conduct gave rise to them, but we agree with the respondent that he should not have been required to pay the full amount of costs sought. In the circumstances of this case, where a considerable portion of the transcript and bar counsel's effort were devoted to charges on which the respondent ultimately prevailed, we conclude that the award of costs should be reduced. Hoicka shall be ordered to pay costs in the amount of $1,125 to the board.

5. *Conclusion.* The judgment of the single justice shall be modified by reducing the award of costs to $1,125. In all other respects, the judgment is affirmed.[5]

*So ordered.*

*Terence M. Troyer,* Assistant Bar Counsel.
*David A. Hoicka,* pro se.

---

[5]We do not consider other issues, arguments, or claims for relief that were not raised before the single justice. See *Callahan* v. *Eastern Bank & Trust Co.,* 437 Mass. 1020, 1021 n.4 (2002); *Milton* v. *Boston,* 427 Mass. 1016, 1017 (1998).