IN THE MATTER OF CARLTON J. DASENT. April 21, 2006. *Attorney at Law,* Disbarment, Disciplinary proceeding.

The respondent, Carlton J. Dasent, appeals from the judgment of a single justice of this court ordering that he be disbarred from the practice of law. We affirm.

Bar counsel filed a two-count petition for discipline with the Board of Bar Overseers (board) against the respondent alleging that he had violated various disciplinary rules arising out of his representation of two clients.[1] A hearing

---

[5]The arbitration thereafter proceeded.

[1]On appeal, the respondent makes no argument with regard to the second count,

committee determined that the respondent intentionally misused client funds owed to a medical provider, failed to make restitution to one of his clients for the full amount of the portion of the settlement of her personal injury case to which she was entitled, and commingled the client's funds with his personal funds. In so doing, the hearing committee credited the testimony of the client as to the amount she received from the respondent. The hearing committee also found that the respondent obstructed bar counsel's investigation of the matter by failing to cooperate, making misrepresentations, furnishing fabricated evidence, filing an ex parte motion with the court seeking to quash bar counsel's subpoena, and asking his former client to tell bar counsel she had received more money than he had actually given her in exchange for more money.[2]

Both parties appealed to the board. An appeal panel adopted the hearing committee's findings of fact and conclusions of law, but accepted as special mitigating factors community service and pro bono work performed by the respondent, and recommended indefinite suspension. With one member abstaining and four members voting for disbarment, the board rejected community service and pro bono activities as special mitigating factors, but concluded that it "lacked sufficient confidence" in the committee's credibility determination and, therefore, recommended indefinite suspension. After the board filed an information and the record of proceedings, a single justice of this court ordered that the respondent be disbarred.

On appeal, the respondent argues that the hearing committee's finding that he intentionally misused client funds with actual deprivation resulting is not supported by substantial evidence. In essence, he contends that the decision to credit his former client's testimony as to the amount she received from the respondent was flawed because the client's testimony lacked independent corroboration and was rebutted by a copy of a receipt allegedly containing the

presumably because it did not form a basis for his disbarment. The hearing committee determined, however, that the respondent took legal fees from client funds without that client's knowledge or consent, and without providing a bill or accounting, as well as that he ultimately provided false accountings and made misrepresentations to the client and to bar counsel.

[2]The hearing committee found that the respondent violated S.J.C. Rule 3:07, Canon 1, DR 1-102 (A) (4), as appearing in 382 Mass. 769 (1981) (fraud, misrepresentation, deceit or dishonesty); DR 1-102 (A) (5), as appearing in 382 Mass. 769 (1981) (conduct interfering with administration of justice); DR 1-102 (A) (6), as appearing in 382 Mass. 769 (1981) (conduct adversely reflecting on fitness to practice); Canon 2, DR 2-101 (B), as amended, 389 Mass. 1106 (1983) (communication shall contain name of lawyer responsible for communication); Canon 6, DR 6-101 (A) (3), as appearing in 382 Mass. 783 (1981) (neglect of legal matter entrusted to lawyer); Canon 7, DR 7-101 (A) (1), as appearing in 382 Mass. 784 (1981) (intentional failure to seek lawful objectives of client); DR 7-101 (A) (2), as appearing in 382 Mass. 784 (1981) (intentional failure to carry out contract of employment); DR 7-101 (A) (3), as appearing in 382 Mass. 784 (1981) (prejudice or damage to client); DR 7-110 (B), as appearing in 382 Mass. 793 (1981) (in adversary proceeding, lawyer shall not communicate with judge without notice to opposition); Canon 9, DR 9-102 (A), as appearing in 419 Mass. 1303 (1995) (client funds to be held separately in trust account); DR 9-102 (B), as appearing in 419 Mass. 1303 (1995) (failure to maintain records of handling of client funds and promptly pay such funds to client as requested or when due); DR 9-102 (C), as amended, 419

client's signature.[3] The gravamen of his argument is that independent evidence is required to corroborate a witness's testimony and any credibility determination (such as, he claims, would be required to support a finding of probable cause in the criminal context). The respondent contends that a judgment of disbarment based on a credibility determination unsupported by independent corroborating evidence violates due process considerations.

Clearly, attorneys involved in "bar discipline proceedings are entitled to due process protections," although not the "full panoply of constitutional protections afforded to criminal defendants." *Matter of Abbott*, 437 Mass. 384, 391 (2002). Because bar discipline is a civil administrative process, "the special protections afforded a criminal defendant whose liberty is at stake are not applicable." *Matter of Eisenhauer*, 426 Mass. 448, 454, cert. denied, 524 U.S. 919 (1998). In this case, there is no allegation that, for example, the respondent did not receive either fair notice of the allegations against him, or an opportunity to be heard, *Matter of Abbott, supra*, and the issue therefore devolves into whether the board's findings were supported by substantial evidence. *Id.* at 391, 394.

The fact that the hearing committee "accorded weight to the uncorroborated testimony of the complainant[] rather than accepting the respondent's explanations for what had occurred," however, does not render the evidence supporting the committee's findings "not substantial." *Matter of Saab*, 406 Mass. 315, 328 (1989). The hearing committee was not required to credit either the contrary testimony of the respondent or a document purporting to be a receipt signed by the client, particularly where the client did not recall signing it, the respondent had fabricated other evidence in an attempt to mislead bar counsel and his client, the receipt was first produced by the respondent some three years into the investigation, and the respondent could not produce the original. *Id.* Nothing in the hearing committee's report is inconsistent with its finding that the respondent misused client and third-party funds, and failed to pay to his client the full amount of the settlement award to which she was entitled. See *Matter of Abbott, supra* at 394, citing *Matter of Hachey*, 11 Mass. Att'y Discipline Rep. 102, 103 (1995) (hearing committee acts like jury in making credibility finding which may not be rejected unless it can be "said with certainty" that finding was "wholly inconsistent with another implicit finding").

Our rules provide that the hearing committee of the board is the "sole judge of the credibility of the testimony presented" at the disciplinary hearing, and "due respect" must be paid to the role of the committee in that regard. S.J.C. Rule 4:01, § 8 (4), as appearing in 425 Mass. 1311 (1997). *Matter of Moore*, 442 Mass. 285, 291 (2004). *Matter of Abbott, supra* at 393-394. See *Matter of Tobin*, 417 Mass. 81, 85 (1994); *Matter of Saab, supra*. While the board may have been "reluctant to recommend disbarment" based on the committee's crediting of the client's testimony that she had not been paid all the settlement funds due to her, it failed to accord the hearing committee's findings appropriate deference. See *Matter of Tobin, supra*; *Matter of McCabe*, 13 Mass. Att'y Discipline Rep. 501, 507 (1997). It is established that,

---

Mass. 1306 (1995) (failure to deposit client funds into IOLTA account or separate, interest bearing account); and S.J.C. Rule 4:01, § 3, as amended, 430 Mass. 1314 (1999) (failure to cooperate with bar counsel).

[3]Although the appeal panel requested the original receipt (or the copy from which the copy provided to bar counsel had been made), the respondent was unable to produce it.

where a respondent has intentionally misused client funds, and failed to pay his client all that was due to her, the usual and presumptive sanction is disbarment. *Matter of Schoepfer*, 426 Mass. 183, 186 (1997). Given that there are no special mitigating factors, and that there are multiple ethical violations at issue, see note 2, *supra*, the single justice did not err in entering a judgment of disbarment.[4] See *Matter of Kennedy*, 428 Mass. 156, 159 (1998).[5]

*Judgment affirmed.*

The case was submitted on briefs.

*James S. Dilday* for the respondent.

*Daniel C. Crane*, Bar Counsel, & *Dorothy Anderson*, Assistant Bar Counsel.

---

[4]The respondent's substantial pro bono and community service activities, while commendable, are not the type of "special mitigating factor[s]" warranting mitigation of the sanction. See, e.g., *Matter of Kennedy*, 428 Mass. 156, 158 (1998).

[5]We do not address arguments not raised before the single justice, or arguments that are raised only cursorily and are inadequately supported by citation to relevant legal authority. See, e.g., *Bloise* v. *Bloise*, 437 Mass. 1010, 1010 (2002); *Lolos* v. *Berlin*, 338 Mass. 10, 14 (1958).