# RESCRIPT OPINIONS.

IN THE MATTER OF THE DISCIPLINE OF AN ATTORNEY. April 26, 2007. *Supreme Judicial Court,* Appeal from order of single justice. *Attorney at Law,* Disciplinary proceeding, Conflict of interest, Informal admonition. *Due Process of Law,* Attorney disciplinary proceeding. *Conflict of Interest.*

Bar counsel and the respondent cross-appeal from a judgment of a single justice of this court admonishing the respondent. We affirm.

*Background.* Bar counsel filed with the Board of Bar Overseers (board) a petition for discipline alleging that the respondent had engaged in a conflict of interest by recording a mortgage discharge at the request of the mortgagor without first contacting the mortgagee, the mortgagor's father, for whom the respondent had drafted but not recorded the discharge several years earlier. A hearing committee found that the respondent had violated Mass. R. Prof. C. 1.9 (a), 426 Mass. 1342 (1998), by representing the son in the same matter in which the respondent had previously represented the father and that the son's and the father's interests were materially adverse. The committee also found that the respondent's misconduct caused financial and physical harm to the father. After the committee recommended that the respondent receive a public reprimand, the respondent moved to reopen the hearing to submit additional evidence that had not been provided to the respondent at the time of the hearing. The motion was allowed, the additional evidence was submitted, and, as a result, the committee amended its original report. The committee did not change its recommendation of a public reprimand.

Both parties appealed to the board. The board adopted the committee's findings of fact and conclusions of law, but decided that an admonition, not a public reprimand, was the appropriate sanction. An information was filed by the board and heard by the single justice, who ordered an admonition.

Bar counsel and the respondent have cross-appealed. Bar counsel argues that the harm caused by the respondent's misconduct has not been given sufficient weight and that an admonition is an insufficient sanction for an attorney who has knowingly engaged in a conflict of interest that caused harm or potential harm to his client. The respondent, in his cross appeal, argues that the charges against him should be dismissed because bar counsel's failure to provide him with the father's medical documents prior to the close of the hearing prevented him from impeaching the father's credibility.[1]

*Discussion.* "On appeal, we review de novo the sanction ordered by the single justice, but we give deference to the board's recommendation." *Matter*

---

[1]The respondent otherwise argues that if he is to be sanctioned at all, admonition is the proper sanction.

*of Hoicka*, 442 Mass. 1004, 1006 (2004), citing *Matter of Otis*, 438 Mass. 1016, 1017 (2003). "[I]n reviewing any disciplinary decision . . . [we] inquire whether the judgment is markedly disparate from those ordinarily entered by the various single justices in similar cases." *Matter of Alter*, 389 Mass. 153, 156 (1983).

a. *Bar counsel's appeal.* Bar counsel argues that the board, as well as the single justice, gave insufficient weight to the harm caused by the respondent's misconduct. The board did not conclude that there was no harm, rather that bar counsel had not established the extent of that harm. Even if greater weight were given to the evidence presented by bar counsel regarding the impact of the respondent's conduct on the father's estate planning goals and the effect of the loss of first mortgage position, the suspension that bar counsel seeks would not be warranted. Cases in which suspensions resulted for conflict of interest generally involve significantly more harm than was suffered here. E.g., *Matter of Taglino*, 9 Mass. Att'y Discipline Rep. 318, 320 (1993) (substantial loss to seller where attorney represented both buyer and seller in real estate transaction). Here, no concrete evidence was presented indicating the extent of the father's financial loss. Additionally, to the extent that bar counsel purports to challenge the board's finding that because the father's estate received a settlement in a malpractice action against the respondent, the father was not harmed by the respondent's misconduct, no such finding was in fact made. As previously noted, the board did find that the respondent's misconduct caused the father harm.

Furthermore, the respondent's misconduct is not akin to that of the attorneys in *Matter of Wise*, 433 Mass. 80, 92 (2000) (six-month suspension for attorney whose actions were marked by conflict of interest, "vengeful attitude" and "selfish motive"), and *Matter of Pike*, 408 Mass. 740, 745 (1990) (six-month suspension where attorney could not adequately represent both sides of real estate transaction, had a "direct financial interest" and "acted deliberately for his own benefit and in disregard of his client's interests"), cases relied on by bar counsel. There was no evidence and there has been no finding that the respondent's actions here were motivated by self-interest or selfish motives.

As a fall-back position, bar counsel argues that, at the very least, a public reprimand is warranted. The cases that bar counsel relies on are unavailing. See *Matter of Dionisi*, 9 Mass. Att'y Discipline Rep. 99, 100 (1993) (public censure where attorney represented client in transaction in which attorney's immediate family had substantial personal financial interest without full disclosure and consent from client); *Matter of Warren*, 8 Mass. Att'y Discipline Rep. 260, 261 (1992) (public censure for attorney who filed suit against, and obtained ex parte attachment on home of, client for failure to pay attorney without telling client and while continuing to represent her).[2] We agree with the board, and the single justice, that this case is like *Matter of Two Attorneys*, 21 Mass. Att'y Discipline Rep. 677 (2005), in which the attorneys were admonished after drafting a will for an elderly client that benefited another client. The attorneys mistakenly determined that no conflict of interest existed. *Id.* at 679. There, as here, the attorneys' actions were not motivated by self-interest and the rule violations were isolated incidents.

---

[2]Public reprimand has replaced public censure as a disciplinary option. See *Matter of Finn*, 433 Mass. 418, 419 n.2 (2001), citing *Matter of Ring*, 427 Mass. 186, 190 n.1 (1998).

b. *Respondent's cross appeal.* The respondent dedicates a significant portion of his brief to arguing that he was denied due process because bar counsel's failure to provide him with the father's medical records prior to the hearing deprived the respondent of an opportunity to impeach the father's credibility. The father had previously indicated that he collapsed and had to be hospitalized following a telephone call with the respondent's malpractice insurer in January, 2002. The medical records indicated, however, that the father's conversation with the insurer, after which he was hospitalized, actually occurred in February, 2002. (The records indicated that the father was also hospitalized that January.) The respondent argues that if he had seen the medical records prior to the hearing, he might have been able to convince the committee that, given the error in the father's testimony about the date of the telephone call with the malpractice carrier, the father's testimony that he had never directed the respondent to record the mortgage discharge if the father became gravely ill or died was not to be believed.

As the board noted, this argument is "a bit of a red herring." The father's testimony at the hearing was presented by way of a videotaped deposition. At the time of the deposition, bar counsel did not have the medical records and the respondent would not, therefore, have been able to cross-examine the father concerning the records at that time. Furthermore, any disadvantage to the respondent resulting from bar counsel's failure to produce the medical records prior to the hearing was remedied when the respondent's motion to reopen the proceedings to present the medical records was allowed. The committee reviewed the records and amended certain of its findings accordingly. The respondent, therefore, was afforded an opportunity to present the records, albeit after the hearing. He was not denied due process.

*Conclusion.* After considering the circumstances of this case, we agree with the board and the single justice that an admonition is an appropriate sanction.

*Judgment affirmed.*

*Dorothy Anderson,* Assistant Bar Counsel.

*Patrick J. Sharkey (Michael J. Stone* with him) for the respondent.