IN THE MATTER OF BARRY F. COLLINS, JR. January 12, 2010. *Attorney at Law,* Disciplinary proceeding, Suspension.

The Office of Bar Counsel (bar counsel) appeals from an order entered by a single justice of this court indefinitely suspending Barry F. Collins, Jr., from the practice of law for misappropriating a client's funds. Bar counsel claims that the sanction, although recommended by both the hearing committee (committee) and the Board of Bar Overseers (board), is too lenient, and that Collins should be disbarred. We affirm the order of indefinite suspension, but impose the condition that Collins make full restitution, and we remand the matter to the single justice to establish a repayment schedule, as provided below.

*Background.* We recount the relevant findings of the committee, which the board adopted. See *Matter of Schoepfer*, 426 Mass. 183, 184 (1997). Before Collins was admitted to the Massachusetts bar in 1992, he had abused cocaine and other illegal drugs on and off for many years. Despite his addiction, he was a "high-functioning" cocaine user throughout the 1990's and early 2000's. In 2001, Collins acted as escrow agent for the proceeds from the sale of a marital home, in connection with a divorce matter in which he represented the husband. The client's (husband's) share of those proceeds, approximately $50,000, were intended to cover his living expenses and to guarantee his child support obligations. In April, 2002, Collins loaned $7,000 from the account to a friend of his without the client's knowledge or authorization. The following month, the friend repaid Collins the $7,000, but Collins deposited it in his own business account rather than in the escrow account. Collins then spent most of the $7,000 for his own personal and business purposes.[1] Accountings of the escrow funds that Collins prepared in 2003 and 2004 failed to disclose the loans he had made, and falsely indicated that the account included $6,600 that was actually missing.

---

[1]In September, 2002, Collins loaned the same friend $10,000 from the escrow account. The following month, the friend repaid the money and Collins deposited the repayment in the escrow account. The committee found that the $10,000 loan constituted an intentional misuse of escrow funds, but that the client was not actually deprived of the money and that Collins did not intend any such deprivation. See *Matter of Schoepfer*, 426 Mass. 183, 187 (1997), quoting *Matter of the Discipline of an Attorney*, 392 Mass. 827, 836 (1984) (intentional misuse of client's funds "normally calls for 'a term suspension of appropriate length' "; if attorney additionally intended to deprive client of funds, permanently or temporarily, or client was actually deprived of funds, regardless of attorney's intent, "the standard discipline is disbarment or indefinite suspension").

By the summer of 2004, Collins's drug abuse had increased to the point where he was using cocaine daily. In early 2005, Collins ended his representation of the client and his role as escrow agent. Beginning in January, 2005, and over the course of the following six months, he participated in, and successfully completed, residential and other programs for treatment of his addiction. In February, 2005, Collins, on his own accord, repaid the client $3,000 of the outstanding $6,600 he took from the escrow account.[2] Later the same month, Collins self-reported his misappropriations to bar counsel; he assumed inactive status, and completed or referred his outstanding cases. No longer practicing law, Collins earned a master's degree in education and now teaches history and law in the Boston public school system, coaches hockey and baseball teams, and runs a mock trial program. As part of his coaching, he warns students about the dangers of illegal drug use.

*Discussion.* The presumptive sanction for the intentional misuse of client funds that results in a deprivation for the client is disbarment or indefinite suspension. See *Matter of Schoepfer, supra* at 186-187. See also note 1, *supra.* Where, in addition, the attorney fails to repay the client in full, disbarment is indicated. See *Matter of Dasent,* 446 Mass. 1010, 1012-1013 (2006). See also *Matter of Bryan,* 411 Mass. 288, 292 (1991). In reviewing the single justice's indefinite suspension of Collins, we consider whether that sanction "is markedly disparate from those ordinarily entered by the various single justices in similar cases," *Matter of Alter,* 389 Mass. 153, 156 (1983), recognizing that "[e]ach case must be decided on its own merits and every offending attorney must receive the disposition most appropriate in the circumstances." *Matter of Crossen,* 450 Mass. 533, 574 (2008), quoting *Matter of the Discipline of an Attorney,* 392 Mass. 827, 837 (1984). Our review is de novo "in the sense that no special deference is given to the single justice's determination," *Matter of Doyle,* 429 Mass. 1013, 1013 (1999), but it is "tempered with substantial deference to the board's recommendation." *Matter of Foley,* 439 Mass. 324, 333 (2003).

In ordering Collins indefinitely suspended — a somewhat lesser sanction than disbarment, see S.J.C. Rule 4:01, § 18 (2) (a) & (b), as appearing in 430 Mass. 1329 (2000) (period before which disbarred attorney may generally petition for reinstatement is eight years while for indefinitely suspended attorney it is five years) — the single justice did not impose a sanction markedly disparate from those imposed in comparable circumstances.[3] Setting aside the question whether Collins's cocaine addiction caused or otherwise contributed to his misappropriations (or whether, even if it had, his addiction to an illegal drug should be considered a mitigating factor) the other circumstances of this case support the single justice's choice of an indefinite suspension over disbarment. The sanction is justified in light of Collins's taking responsibility for his actions by self-reporting his misdeeds; voluntarily repaying a substantial portion of the money he took and acknowledging his obligation to repay the remainder; successfully completing substance abuse

[2]The record is unclear on the reason he has not paid the balance but shows that at times he has been unable financially to do so. He has, however, acknowledged his obligation to repay in full and expressed an intent eventually to do so. As we discuss below, Collins must pursue full repayment in instalments, to the extent he is able.

[3]Before the committee, Collins sought a suspension of two years, but before the board he conceded that an indefinite suspension would be appropriate.

treatment programs; and devoting his energies to the worthy endeavors of teaching in the Boston public schools, coaching sports teams, and using his experiences to teach young people about the dangers of illegal drug use. See *Matter of Hull*, 6 Mass. Att'y Discipline Rep. 152, 153 (1990) (attorney indefinitely suspended for converting approximately $96,000 in clients' funds where, although attorney's use of cocaine was rejected as mitigating factor, other mitigating factors were that attorney "made major efforts to rehabilitate himself," established pro bono legal clinic, was genuinely remorseful and embarrassed by his misconduct, and posed no threat to clients or public).

The cases that bar counsel relies on to argue for disbarment present significantly more egregious attorney misconduct than does this case. See, e.g., *Matter of Dasent*, *supra* at 1012-1013; *Matter of Goldstone*, 445 Mass. 551, 566 (2005). Moreover, the mitigating factors discussed above, in addition to Collins's having made substantial restitution, further distinguish this case from those others. Partial restitution, however, even if substantial, is not a substitute for full restitution, as Collins recognizes. Accordingly, we modify the order of indefinite suspension to include the condition that Collins make full restitution. We remand the matter to the single justice, who, with input from the parties, shall establish a specific repayment schedule that takes into account Collins's ability to pay, and shall also determine and impose a suitable rate of interest on the balance presently due. See *Piemonte* v. *New Boston Garden Corp.*, 377 Mass. 719, 735 (1979) (setting interest rate according to "prudent investor" rule). See also *Matter of Palmer*, 413 Mass. 33, 37, 40-41 (1992) (affirming so much of single justice's order that required attorney to pay restitution with interest). In the event Collins fails to comply with the repayment schedule, bar counsel may seek appropriate relief from the single justice. The single justice would have the discretion in that event to fashion a suitable remedy, up to and including disbarment.

*Conclusion.* The order of indefinite suspension is modified to include the repayment condition described above, and as modified it is affirmed. The matter is remanded to the single justice, as outlined above, to establish a repayment schedule and suitable rate of interest.

*So ordered.*

*John W. Marshall*, First Assistant Bar Counsel.
*Arnold R. Rosenfeld* for the respondent.