In the Matter of Thomas F. Patch. October 21, 2013. *Attorney at Law,* Disciplinary proceeding, Suspension, Disbarment. *Board of Bar Overseers.*

Bar counsel appeals from an order of a single justice of this court indefinitely suspending the respondent, Thomas F. Patch, from the practice of law. Bar counsel argues that the single justice abused his discretion by not accepting the recommendation of the Board of Bar Overseers (board) that the respondent be disbarred, and by instead ordering an indefinite suspension based on his personal observations of the respondent in the court room and his conclusion that the respondent's misconduct was mitigated by "unresolved emotional issues." Because we agree with bar counsel, we vacate the order of indefinite suspension and direct that a judgment enter disbarring the respondent.

*Background.* The respondent was admitted to the practice of law in 1987. He was suspended in 2004 for a term of three months following multiple adjudications of contempt in the Probate and Family Court stemming from his own divorce litigation, in which he represented himself. *Matter of Patch,* 20 Mass. Att'y Discipline Rep. 445 (2004). During this earlier disciplinary proceeding, he presented evidence in mitigation indicating that clinical depression had contributed to his misconduct. *Id.* at 446. After serving the three-month suspension, he was reinstated.

In March, 2006, the respondent was convicted in the District Court of one count of criminal harassment (G. L. c. 265, § 43A [a]), for which he was sentenced to two and one-half years in the house of correction, suspended for five years; and of two counts of violating a protective order (G. L. c. 209A, § 7), for which he was sentenced to concurrent terms of five years' probation. As one of the terms of his probation, he was ordered to submit to a psychological evaluation, and he was later ordered to submit to mental health treatment. In January, 2007, he was found to be in violation of the terms of his probation. He was ordered to serve two and one-half years in the house of correction, with five years' probation following his release. In November, 2007, he was convicted in the District Court of one count of witness intimidation (G. L. c. 268, § 13B). The victim of that offense was one of the mental health professionals who had conducted the respondent's court-ordered evaluation in connection with his 2006 convictions. The respondent was sentenced to two and one-half years in the house of correction, with fifteen months to serve and the balance suspended.

Bar counsel duly notified the court of the respondent's convictions, and a

single justice referred the matter to the board for appropriate action in accordance with S.J.C. Rule 4:01, § 12, as appearing in 425 Mass. 1313 (1997). The single justice also temporarily suspended the respondent from the practice of law. The disciplinary proceedings before the board were stayed for many months pending the respondent's appeals of his convictions, which did not materialize in a timely fashion. Eventually the board allowed bar counsel's unopposed motion to lift the stay, and the respondent, represented by counsel, filed an answer to the petition for discipline. In his answer he alleged certain facts in mitigation, as required by the Rules of the Board of Bar Overseers § 3.15(f) (2009), including certain facts concerning the court-ordered mental health evaluation in connection with his 2006 convictions. He did not expressly allege, however, that his misconduct was the result of psychological issues.

In February, 2011, a hearing occurred before a panel of the board. See S.J.C. Rule 4:01, § 8 (3), as appearing in 453 Mass. 1310 (2009). The respondent's counsel argued, among other things, that the respondent had serious psychological issues. However, no evidence, expert or otherwise, was submitted at the hearing to support a claim that his misconduct was mitigated by these issues. The hearing panel, after conducting the hearing, issued a report recommending that the respondent be disbarred from the practice of law, effective from the date of his temporary suspension. S.J.C. Rule 4:01, § 8 (3) (d).[1] In September, 2011, the board voted to adopt the panel's report and recommendation. S.J.C. Rule 4:01, § 8 (5). The board then filed an information in the county court to that effect. S.J.C. Rule 4:01, § 8 (6).

After a hearing, the single justice ordered that the respondent be suspended indefinitely. See S.J.C. Rule 4:01, § 12A, as appearing in 425 Mass. 1315 (1997). In his memorandum of decision, the single justice explained the reasons for his order, stating in part:

"There is no reason to depart from the presumptive sanction in this case. However, I had an opportunity to observe the respondent for about forty-five minutes, including about thirty minutes for his own oral argument, and I could not help but think that he has unresolved emotional issues that in all likelihood contributed to his difficulties. He was reduced to tears twice during the hearing before me. Although he did not present any evidence of mitigation to the hearing panel, I honestly believe it exists and I am not inclined to order disbarment for this reason. I also note that, although not determinative, the misconduct in this case did not occur in the course of the practice of law."[2]

The single justice further ordered that the respondent's "reinstatement to the practice of law . . . will be conditioned upon the board's satisfaction that [he] has addressed his emotional issues." See S.J.C. Rule 4:01, § 18 (4), as appearing in 453 Mass. 1315 (2009). Bar counsel appeals, pressing her claim that the respondent should be disbarred, not indefinitely suspended.[3]

[1]The hearing panel did not make any findings or rulings regarding the respondent's psychological issues.

[2]The single justice acknowledged in a footnote that "[i]ntimidation of a witness and violation of a protective order, however, affect the administration of justice and thus implicate the practice of law indirectly."

[3]The respondent has moved to dismiss this appeal because, he claims, bar counsel failed to comply with her obligations under Mass. R. A. P. 18, as amended, 428 Mass. 1601 (1999) (governing designation of contents of record appendix and compilation of

1018                 466 Mass.

Rescript Opinions.

*Discussion.* "We review de novo the question of the appropriate level of discipline to be imposed. . . . Our goal is to ensure that the sanction ordered by the single justice is not markedly disparate from what has been ordered in comparable cases. . . . While the review is de novo in the sense that no special deference is given to the single justice's determination, we, like the single justice before us, must be 'mindful that the board's recommendation is entitled to substantial deference.' " (Citations omitted.) *Matter of Doyle,* 429 Mass. 1013, 1013 (1999).

When an attorney's felony conviction affects the administration of justice, even though it does not directly involve the practice of law, the presumptive sanction is disbarment or an indefinite suspension. *Matter of Finneran,* 455 Mass. 722, 730, 734-735 (2010). The lesser sanction of an indefinite suspension may be appropriate when a respondent demonstrates that there are mitigating factors, see, e.g., *Matter of Collins,* 455 Mass. 1020, 1021-1022 (2010), which can include serious psychological issues. Because the respondent in this case did not plead psychological issues in mitigation, and did not present any evidence at the hearing — either through his own testimony, through an expert, or otherwise — that any psychological issues caused or contributed to his misconduct, we see no reason not to accept the board's recommended sanction of disbarment. See *Matter of Hyatt,* 23 Mass. Att'y Discipline Rep. 309, 310 (2007), citing *Matter of Terzian,* 21 Mass. Att'y Discipline Rep. 647, 648 (2005).

Contrary to Rules of the Board of Bar Overseers § 3.15(f), Patch did not state facts in his answer to the petition for discipline supporting a claim that his misconduct was caused by psychological issues. Under the rule, a "respondent shall include in the answer any facts in mitigation . . . . *Failure to include facts in mitigation constitutes a waiver of the right to present evidence of those facts*" (emphasis added). While the respondent's counsel stated before the hearing panel that the respondent had serious psychological issues, he did not present any evidence at all, expert or otherwise, to support a claim that his misconduct was caused by such issues. As the single justice observed, "[t]he respondent presented the hearing panel with no evidence of mitigation." And indeed, even at the hearing before the single justice, the respondent did not claim mitigation based on psychological issues.

*Conclusion.* The order of indefinite suspension is vacated, and the case is remanded to the county court for entry of an order of disbarment.

*So ordered.*

*Nancy E. Kaufman,* First Assistant Bar Counsel.

*Thomas F. Patch,* pro se.


---

appendix). We decline to dismiss the appeal, as none of the claimed omissions are consequential. We have reviewed the entire record that was before the single justice, including the hearing panel transcript, and not just the items in the record appendix.

