In the Matter of Stanley D. Komack. June 28, 1999. *Attorney at Law,* Disciplinary proceeding, Suspension.

The respondent appeals from an order of a single justice suspending him from the practice of law for six months. The respondent does not challenge the facts of the case. He represented both the buyer and the lender at a residential real estate closing without disclosing the potential conflict of interest to either party. He assisted the buyer in concealing a second mortgage the buyer used to finance a down payment for the purchase. He filed a false

HUD-1 settlement statement with the bank, as well as an insurance binder that contained false information.

The respondent's sole contention in this appeal is that the sanction the single justice imposed was unduly harsh. "We start with the premise that the discipline imposed should not be markedly disparate from that imposed in similar cases. *Matter of Alter*, 389 Mass. 153, 156 (1983). . . . However, '[e]ach case must be decided on its own merits and every offending attorney must receive the disposition most appropriate in the circumstances.' *Matter of the Discipline of an Attorney*, 392 Mass. 827, 837 (1984)." (Citation omitted.) *Matter of Nickerson*, 422 Mass. 333, 335 (1996). The respondent points out that he is a sole practitioner who had a spotless record before the incident in question, and that he cooperated with the investigations into the incident. Nevertheless, the sanction imposed by the single justice was appropriate, and was not markedly disparate from that imposed in similar cases. See, e.g., *Matter of Connolly*, 11 Mass. Att'y Discipline Rep. 43 (1995) (attorney, who represented both lender and buyer, received a three-month suspension for filing a false HUD-1 settlement statement to help buyer defraud buyer's employer); *Matter of Eastwood*, 10 Mass. Att'y Discipline Rep. 70 (1994) (attorney received one-year suspension for representing both buyer and lender in two real estate closings and concealing second mortgage from lender and filing false HUD-1 settlement statements).

The order of the single justice is affirmed.

*So ordered.*

*Charles K. Stephenson (John F. St. Clair* with him) for the respondent.
*John W. Marshall*, Assistant Bar Counsel.