In the Matter of William H. Shaughnessy. July 20, 2004. *Attorney at Law,* Disciplinary proceeding, Suspension.

William H. Shaughnessy appeals from an order of a single justice suspending him from the practice of law for one year and one day.

*Facts found by the hearing committee.* On or before April 9, 1991, Shaughnessy undertook representation of a client after his cocounsel, James A. Mc-

Donald, had commenced a personal injury action on her behalf. Over the course of the next three years, Shaughnessy neglected the case and made repeated misrepresentations to the client and cocounsel concerning its status. Shaughnessy concealed from the client and, to a lesser extent, from cocounsel that the case had been dismissed, as had an appeal that he had pursued in the client's behalf, and that he had taken no steps to vacate those dismissals. He withheld this information even as he repeatedly informed the client that her case was proceeding.

When the client retained new counsel to represent her in the case, Shaughnessy threatened successor counsel with a baseless malpractice suit in order to impede that attorney's efforts to assist the client. Contemporaneously with these events, Shaughnessy was the subject of another investigation by bar counsel, resulting in an admonition in 1994 for similar conduct (i.e., neglect and misrepresentation) in three other tort cases that he handled between 1988 and 1992. See *Admonition No. 94-73*, 10 Mass. Att'y Discipline Rep. 458, 458-460 (1994).

*Proceedings below.* Bar counsel filed a petition for discipline with the Board of Bar Overseers. The hearing committee recommended that Shaughnessy be suspended for a term of six months. Bar counsel and the respondent appealed. The board denied both appeals and voted to recommend a six-month term of suspension. Bar counsel then filed an information in the county court, recommending a six-month suspension. The single justice, after hearing, issued a memorandum of decision and ordered the suspension of the respondent for one year and one day.

*Disciplinary violations.* Shaughnessy's argument that he committed no ethical violations because the client's claim lacked merit is to no avail. As the single justice correctly stated in her memorandum, if Shaughnessy believed that the case lacked merit it was his duty to inform the client of that determination. Instead, Shaughnessy took a number of steps to pursue the claim, belatedly and without adequate preparation or follow-up. In the circumstances, the board and the single justice appropriately determined that Shaughnessy violated S.J.C. Rule 3:07, DR 1-102 (A) (4) & (6), as appearing in 387 Mass. 769 (1981); DR 6-101 (A) (2) & (3), as appearing in 382 Mass. 783 (1981); and DR 7-101 (A) (1) & (3), as appearing in 382 Mass. 784 (1981), as then in effect.

We also reject, as did the single justice, Shaughnessy's contention that, because the client's case was without merit and therefore any neglect of the case did not harm her, he committed no sanctionable misconduct. An ethical violation may exist even where there is no evidence that the client has been harmed. See *Matter of Garabedian*, 416 Mass. 20, 23, 25 (1993). See also *Matter of Gustus*, 8 Mass. Att'y Discipline Rep. 89, 89-90 (1992).

*Sanction.* "We review de novo the question of the appropriate level of discipline to be imposed. *Matter of Kennedy*, 428 Mass. 156, 156 (1998). Our goal is to ensure that the sanction ordered by the single justice is not markedly disparate from what has been ordered in comparable cases. *Matter of Tobin*, 417 Mass. 81, 88 (1994). *Matter of Palmer*, 413 Mass. 33, 37-38 (1992). *Matter of Alter*, 389 Mass. 153, 156 (1983). While the review is de novo in the sense that no special deference is given to the single justice's determination, we, like the single justice before us, must be 'mindful that the board's recommendation is entitled to substantial deference.' *Matter of Tobin, supra.*

See *Matter of Palmer, supra* at 40; *Matter of Alter, supra* at 157-158." *Matter of Doyle*, 429 Mass. 1013, 1013 (1999).

Here, as previously noted, the board recommended that Shaughnessy be suspended for six months. The single justice correctly recognized that this case is to be judged by pre-*Kane* standards. See *Matter of Kane*, 13 Mass. Att'y Discipline Rep. 321, 327-328 (1997) (adopting new guidelines for discipline in cases involving neglect or failure of zealous representation). While acknowledging the substantial deference owed to the board's recommendation, the single justice ordered a suspension of one year and one day.

We believe this order is markedly disparate from the discipline imposed in other pre-*Kane* cases involving similar ethical violations. See, e.g., *Matter of Garabedian, supra* at 25 (ordering six-month suspension for neglect, failure to cooperate with bar counsel's investigations, and history of prior discipline); *Matter of Chambers*, 421 Mass. 256, 261 (1995) (imposing six-month suspension for neglect, misrepresentation to client, and failure to cooperate with bar counsel, plus history of prior misconduct).

Several of the pre-*Kane* cases relied on by the single justice to support the one-year suspension involve misconduct more egregious than that at issue here. See, e.g., *Matter of Berman*, 7 Mass. Att'y Discipline Rep. 16, 16 (1991) (to conceal his lack of action on case, attorney fabricated decree purporting to authorize sale, forged signature of judge, and fabricated certificate purporting to release estate tax lien); *Matter of Walsh*, 6 Mass. Att'y Discipline Rep. 322, 325 (1990) (charges against attorney included misrepresentation to client, neglect of case, and practicing law after suspension); *Matter of Oates*, 3 Mass. Att'y Discipline Rep. 166, 166-167 (1983) (attorney who never filed suit repeatedly misrepresented status of case to clients over nine-year period).

We are mindful of the aggravating factors in this case that the single justice considered, namely Shaughnessy's 1994 admonition for similar misconduct; his pattern of repeated misrepresentations over the course of nearly three years; his threatening to file a baseless claim against the client's new counsel; and his lack of appreciation of the wrongful nature of his conduct. We note that in mitigation, Shaughnessy has cited evidence that a fire in his office in December, 1991, may have destroyed the case file and caused significant disruption to his practice. He also cites the fact that his wife died in 1985, leaving him as sole caregiver to his five children.

On balance, while the misconduct merits a harsher sanction than the public reprimand sought by Shaughnessy, a suspension greater than six months but less than one year is more fitting and in line with sanctions imposed in comparable pre-*Kane* cases. Although we are troubled by what the single justice aptly characterized as Shaughnessy's "lack of insight into the wrongful nature and implications of his conduct," a suspension for six months and one day addresses this concern by requiring him to take and pass the Multi-State Professional Responsibility examination. See Supreme Judicial Court Rule 4:01, § 18 (1) (b), as appearing in 430 Mass. 1329 (2000). We are satisfied that the disposition we order today is consistent with our pre-*Kane* jurisprudence, and note that similar conduct today would merit a substantially more serious sanction.

*Conclusion.* The order of suspension of one year and one day is vacated.

An order suspending Shaughnessy from the practice of law for six months and one day shall be entered.

*So ordered.*

*Robert L. Rossi* for the respondent.

*Susan A. Strauss Weisberg*, Assistant Bar Counsel.

