IN THE MATTER OF ALFRED C.W. DANIELS. November 5, 2004. *Attorney at Law,* Disciplinary proceeding, Suspension, Reinstatement.

Alfred Daniels seeks reinstatement to the bar following expiration of a three-year suspension imposed on him effective March 31, 1998. His suspension arose not from the practice of law but from financial difficulties encountered by an aerospace company over which he assumed management control in the early 1980's. In an effort to keep the company operating, Daniels ran afoul of the State's wage laws and Federal Employment Retirement Income Security Act requirements. The company eventually failed. Daniels lost his home and, as the responsible corporate officer, pleaded guilty to criminal charges in State and Federal courts. As a result of these convictions, he also assumed various restitution obligations and was suspended from the bar. Circumstances presented to the Board of Bar Overseers (board) at the time of the suspension mitigated against a more severe sanction.

Upon the filing of his petition for reinstatement, a hearing panel of the board received testimony from Daniels and many other witnesses regarding his good character, his legal competence, and the contributions made to his community during the period of suspension. In October, 2002, the panel recommended that Daniels be reinstated.[1] Prior to the board's acting on the panel's recommendation, bar counsel moved to reopen the hearing on the ground that the petitioner had engaged in the "unauthorized practice of law" during his suspension.

The hearing was reopened and evidence was presented that in late October, 2002, after the panel had recommended his reinstatement, Daniels had acceded to the urgent request of a friend of twenty years to assist him in the preparation of a family trust prior to the friend being admitted to a hospital for emergency surgery.[2] The assistance was provided without the expectation or receipt of compensation, and the friend was fully cognizant of Daniels's status as an attorney suspended from the practice of law.

The panel declined to decide whether Daniels had engaged in the "practice of law," and instead simply concluded that "[he] should have realized that someone might interpret it as such." In light of this "lapse in judgment," the panel concluded that Daniels had not proved he had the moral qualifications to resume the practice of law, and revised its recommendation from allowing the petition to denying it.

The board adopted the panel's findings of fact regarding the circumstances surrounding the trust, but recommended that Daniels be reinstated based on its

---

[1]The hearing panel also recommended conditions for Daniels's reinstatement. Those conditions have been met and are not at issue here.

[2]The friend also asked Daniels to serve as a successor trustee under the trust, a position forbidden to a suspended lawyer by S.J.C. Rule 4:01, § 17, as amended, 426 Mass. 1301 (1997). Daniels relinquished that status when he was alerted to the rule.

conclusion that he "has the requisite character to be readmitted, and that his resumption of practice would not be detrimental to the standing and integrity of the bar." When the matter came before the single justice, bar counsel opposed the board's recommendation and the petition for reinstatement was denied. Daniels appealed from the decision of the single justice to the full court.

Daniels bore the burden of proving that he has satisfied the requirements for reinstatement set forth in S.J.C. Rule 4:01, § 18 (5), as appearing in 430 Mass. 1329 (2000). He was required to prove that he possessed "the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth, and that his . . . resumption of the practice of law [would] not be detrimental to the integrity and standing of the bar, the administration of justice, or to the public interest." *Id.* See *Matter of Dawkins*, 432 Mass. 1009, 1010 (2000); *Matter of Pool*, 401 Mass. 460, 463 (1988).[3]

In judging whether Daniels satisfied these requirements, the court looks to "(1) the nature of the original offense for which the petitioner was [suspended], (2) the petitioner's character, maturity, and experience at the time of his [suspension], (3) the petitioner's occupations and conduct in the time since his [suspension], (4) the time elapsed since the [suspension], and (5) the petitioner's present competence in legal skills." *Matter of Prager*, 422 Mass. 86, 92 (1996), quoting *Matter of Hiss*, 368 Mass. 447, 460 (1975). The act of reinstating an attorney involves what amounts to a certification to the public that the attorney is a person worthy of trust. *Centracchio, petitioner*, 345 Mass. 342, 348 (1963). Passage of time alone is insufficient to warrant reinstatement. *Matter of Hiss, supra* at 460 n.19. In any disciplinary case, the primary factor for the court's consideration "is the effect upon, and perception of, the public and the bar." *Matter of Alter*, 389 Mass. 153, 156 (1983). *Matter of Keenan*, 314 Mass. 544, 547 (1943).

As we recently stated in *Matter of Shaughnessy, ante* 1012 (2004), "[w]hile the review [of the single justice's order in a bar discipline matter] is de novo in the sense that no special deference is given to the single justice's determination, we, like the single justice before us, must be 'mindful that the board's recommendation is entitled to substantial deference.' *Matter of Tobin*, [417 Mass. 81, 88 (1994)]." *Id.* at 1013, quoting *Matter of Doyle*, 429 Mass. 1013, 1013 (1999). See *Matter of Palmer*, 413 Mass. 33, 40 (1992); *Matter of Alter, supra* at 157-158. "It is the board, not the hearing committee or the appeal panel, that is responsible for making a recommendation to the court. . . . [The court looks] to the board's recommendation, its experience, and its expertise to . . . dispose of disciplinary matters uniformly." (Citation omitted.) *Matter of Eisenhauer*, 426 Mass. 448, 455, cert. denied, 524 U.S. 919 (1998). This is as true in considering the board's recommendation on a petition for reinstatement as it is in considering a recommended sanction. *Matter of Hiss, supra* at 461.

---

[3]Both the hearing panel and the board concluded that Daniels had met his burden of demonstrating sufficient learning in the law to be readmitted. The focus of the inquiry before the hearing panel, and subsequently the board, was whether Daniels had met his burden on the issue of his moral qualifications, and whether his readmission would be detrimental to the integrity and standing of the bar, the administration of justice, or the public interest.

In considering the proper resolution of Daniels's petition, we note that his suspension has now continued in effect for two years beyond the date of the panel's initial recommendation of reinstatement. While this extended suspension largely has been the product of Daniels's ill-advised, if well-intentioned, acquiescence to the request of an old and good friend, bar counsel concedes that this additional period of suspension is greater than the sanction that likely would have been imposed for Daniels's misjudgment in any event. It was further conceded at oral argument that if Daniels reapplied for admission, bar counsel would not object to his readmission on this ground. However, bar counsel notes and presses his original objection to reinstatement based on the existence of an outstanding order of restitution entered against Daniels in the State wage law proceedings. It is undisputed that this debt is a corporate obligation arising out of efforts to keep the company operating in the late 1980's, attributed to Daniels as the company's responsible corporate officer, and not the product of self-enrichment on his part. It is also undisputed that he has made regular payments toward satisfying it, consistent with his means, for more than ten years, precisely as required by the court in those proceedings. This objection to Daniels's reinstatement was both rejected by the hearing panel and fully considered by the board in reaching its recommendation of reinstatement.

In these circumstances, it is unnecessary for us to decide whether Daniels engaged in the unauthorized practice of law. The recommendation of the board is due significant deference and we see no reason not to accept it.

The case is remanded to the county court for the entry of an order reinstating Daniels as a member of the bar of this Commonwealth.

*So ordered.*

*Wayne S. Henderson* for the respondent.
*Constance V. Vecchione,* Assistant Bar Counsel.