IN THE MATTER OF WILLIAM H. SHAUGHNESSY. April 21, 2006. *Attorney at Law,* Disciplinary proceeding, Suspension, Contempt.

The respondent, William H. Shaughnessy, appeals from the judgment of a single justice of this court adjudicating him in contempt of an order suspending him from the practice of law, see *Matter of Shaughnessy*, 442 Mass. 1012 (2004), and ordering an additional period of suspension.[1] We affirm.

The respondent did not contest either the factual allegations contained in bar counsel's petition for contempt, or the evidence submitted in support of it. We consider those facts established for purposes of appeal. *Matter of Mc-Inerney*, 389 Mass. 528, 529 (1983). On those facts, the single justice did not err in concluding that the respondent rendered legal services to two clients after the effective date of his suspension. Given that conclusion, the sanction provided by our rules is twice the original period of suspension, measured from the date of the single justice's order.[2] S.J.C. Rule 4:01, § 17 (8), as appearing in 425 Mass. 1302 (1997).

We recognize that the respondent now has been suspended from the practice of law well beyond the period imposed for the original misconduct. See *Matter of Shaughnessy, supra*. Nonetheless, as the single justice observed, the period of suspension prescribed by S.J.C. Rule 4:01, § 17 (8), is separate from the original sanction and relates to entirely distinct misconduct — engaging in the practice of law in violation of the suspension order. As for the period preceding the § 17 (8) sanction, while the respondent had not yet been reinstated when the sanction was imposed, he would have been eligible for reinstatement but for the fact that he had not satisfied the requirements of S.J.C. Rule 4:01, § 18 (1) (b), as appearing in 430 Mass. 1329 (2000) (requir-

---

[1]On bar counsel's motion, we order that the respondent's record appendix be impounded.

[2]We do not address arguments, including the respondent's allegations of selective prosecution, that are raised for the first time on appeal. *Matter of Cobb*, 445 Mass. 452, 479 (2005). In any event, they are not supported by the record. In addition, insofar as the respondent's arguments concern the misconduct that led to the original suspension, or associated proceedings, they are not now before us. See *Matter of Shaughnessy*, 442 Mass. 1012 (2004).

1014                  446 Mass.

Rescript Opinions.

ing, among other things, that an attorney take and pass the Multi-State Professional Responsibility Examination during the period of suspension).[3] There was no error in suspending the respondent for an additional one year and two days from the date of the order finding that he had violated S.J.C. Rule 4:01, § 17 (8).[4] Cf. *Matter of McInerney*, 389 Mass. 528, 535-536 (1983).

*Judgment affirmed.*

*William H. Shaughnessy*, pro se.

*Susan A. Strauss Weisberg*, Assistant Bar Counsel.

---

[3]It appears that the respondent has now taken and received received a passing grade, as established by the Board of Bar Examiners, on the Multi-State Professional Responsibility Examination.

[4]We trust the Board of Bar Overseers will act expeditiously on any petition for reinstatement filed by the respondent that is transmitted to it.