[844 NYS2d 763]

In the Matter of J. Douglas LiBassi, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, November 9, 2007

---

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*J. Douglas LiBassi*, Dorchester, Massachusetts, respondent pro so.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court

on January 15, 1987. By judgment and order entered July 12, 2006, respondent was disbarred by the Supreme Judicial Court of the Commonwealth of Massachusetts for misconduct that included misappropriation of client funds. This Court, upon receipt of a certified copy of that judgment and order, directed respondent, by order entered December 8, 2006, to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. We adjourned the return date of the order to show cause pending the determination of respondent's appeal from the judgment and order. By order entered June 5, 2007, the judgment and order was modified by making the effective date retroactive to May 14, 2002, the date on which respondent came into compliance with a temporary order of suspension (*Matter of LiBassi*, 449 Mass 1014, 867 NE2d 332 [2007]). Respondent's petition for a rehearing was denied by order entered July 26, 2007. Respondent thereafter appeared before this Court and indicated that he has no opposition to the imposition of reciprocal discipline.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find "that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct, or, that the imposition of discipline would be unjust." Respondent having raised no objection to the imposition of reciprocal discipline by this Court, we conclude that he should be disbarred, effective May 14, 2002.

GORSKI, J.P., LUNN, FAHEY, GREEN and PINE, JJ., concur.

Order of disbarment entered.