IN THE MATTER OF WILLIAM H. SHAUGHNESSY. May 11, 2010. *Attorney at Law,* Disciplinary proceeding, Reinstatement.

The respondent, William H. Shaughnessy, appeals from the order of a single justice of this court denying his petition for reinstatement to the bar. We affirm.

Shaughnessy was suspended from the practice of law for six months and one day for violating S.J.C. Rule 3:07, DR 1-102 (A) (4) and (6), as appearing in 387 Mass. 769 (1981); DR 6-101 (A) (2) and (3), as appearing in 382 Mass. 783 (1981); and DR 7-101 (A) (1) and (3), as appearing in 382 Mass. 784 (1981), as then in effect. See *Matter of Shaughnessy*, 442 Mass. 1012, 1013, 1015 (2004). The suspension was later extended for an additional one year and two days, after a finding of contempt. See *Matter of Shaughnessy*, 446 Mass. 1013, 1013-1014 (2006). In 2008, Shaughnessy filed a petition for reinstatement. A hearing panel of the Board of Bar Overseers (board) recommended that the petition be denied but that Shaughnessy be allowed to file a new petition in six months rather than one year as provided in S.J.C. Rule 4:01, § 18 (8), as appearing in 430 Mass. 1329 (2000).[1] Bar counsel appealed

---

[1]Section 18 of S.J.C. Rule 4:01 was replaced in its entirety effective September 1,

from the hearing panel's report to the board on the limited issue of the reduced waiting period. Shaughnessy responded to bar counsel's limited appeal, but did not otherwise appeal from the hearing panel's findings or recommendation. The board accepted the hearing panel's findings and its recommendation that the petition for reinstatement be denied but rejected the recommendation that the waiting period be limited to six months, requiring instead that Shaughnessy wait one full year before filing a new petition.

A single justice of this court accepted the hearing panel's findings, as adopted by the board, that Shaughnessy had failed to meet his burden of showing that he had "the moral qualifications, competency and learning in the law required for admission." S.J.C. Rule 4:01, § 18 (5), as appearing in 430 Mass. 1329 (2000). The single justice also accepted the board's recommendation and, accordingly, denied the petition for reinstatement. We review the decision of the single justice de novo. See *Matter of Daniels*, 442 Mass. 1037, 1038 (2004). Although we also, like the single justice, give "deference to the recommendations of the [b]oard, . . . 'the ultimate duty of decision rests with this court.' " *Matter of Allen*, 400 Mass. 417, 421 (1987), quoting *Matter of Gordon*, 385 Mass. 48, 58 (1982). See *Matter of Fordham*, 423 Mass. 481, 487 (1996), cert. denied, 519 U.S. 1149 (1997) (findings and recommendations of board not binding although entitled to "great weight").

To obtain reinstatement, Shaughnessy was required to prove that he "has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth, and that his . . . resumption of the practice of law will not be detrimental to the integrity and standing of the bar, the administration of justice, or to the public interest." S.J.C. Rule 4:01, § 18 (5). See *Matter of Dawkins*, 432 Mass. 1009, 1010 (2000). We have thoroughly reviewed the record, including the findings of the hearing panel,[2] and we agree with the hearing panel's determination, as adopted by the board, that Shaughnessy did not meet this burden. We need not recount the evidence and the specific findings in detail. It is clear that the findings did not warrant, and that Shaughnessy did not meet the requirements for, reinstatement.

Although generally a lawyer whose petition for reinstatement has been denied must wait "one year following the final disposition of an adverse judgment upon [his] petition" before reapplying for reinstatement, this court may in appropriate circumstances direct otherwise. S.J.C. Rule 4:01, § 18 (8). We agree with the recommendation of the board that Shaughnessy be required to wait one year before reapplying. In the circumstances of this case, however, where Shaughnessy has been suspended from the practice of law significantly longer than his original and additional suspensions required, we think it is appropriate for the one-year period to begin on the date of the single justice's decision.

*Order denying reinstatement affirmed.*

*Philip D. Moran* for the respondent.

*Susan A. Strauss Weisberg*, Assistant Bar Counsel.

---

2009. See S.J.C. Rule 4:01, § 18, as appearing in 453 Mass. 1315 (2009). Though the relevant provisions of the rule have not changed, we refer to the version of the rule in effect at the times pertinent to this case.

[2] We note, as did the single justice, that Shaughnessy did not appeal from the hearing panel's factual findings to the board and that those findings are thus established.