NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13293

IN THE MATTER OF ERWIN ROSENBERG.

February 23, 2023.

Attorney at Law, Reciprocal discipline, Disbarment.
    Constitutional Law, Freedom of speech and press.


The respondent attorney, Erwin Rosenberg, was permanently disbarred from the practice of law by the Florida Supreme Court in 2017. Upon learning of the Florida disbarment in 2021, bar counsel filed a petition for reciprocal discipline in the Commonwealth, pursuant to S.J.C. Rule 4:01, § 16, as appearing in 425 Mass. 1319 (1997). After a hearing, a single justice of this court entered an order disbarring the respondent from the practice of law in the Commonwealth. The respondent appeals, arguing principally that the Commonwealth's attorney licensing scheme violates the First Amendment to the United States Constitution. We affirm.

1. Background.[1] In May 2015, the respondent was suspended from the practice of law in Florida for one year, with reinstatement dependent on certain conditions.[2] See Florida Bar

_____

[1] Because this is a reciprocal discipline matter and the respondent does not challenge the fairness of the underlying disciplinary proceedings in this appeal, we rely on the factual findings from the jurisdiction in which discipline was imposed. See Matter of Watt, 430 Mass. 232, 233 n.2 (1999). See also S.J.C. Rule 4:01, § 16 (3).

[2] The respondent's reinstatement in Florida was conditioned on him paying the monetary sanctions imposed upon him and "addressing whatever underlying psychological or emotional

v. Rosenberg, 169 So. 3d 1155, 1162-1163 (Fla. 2015). That suspension stemmed from the respondent's misconduct in the course of his representation of corporate clients involved in a civil suit. Over the course of a year, the respondent repeatedly and willfully failed to comply with discovery requests and court orders concerning his clients, instead seeking to relitigate settled court rulings. The trial court eventually held an evidentiary hearing concerning the respondent's behavior, and ultimately found that the respondent's actions amounted to "the very definition of bad faith conduct." A judge ordered him to pay attorney's fees as a monetary sanction. See Rosenberg v. Gaballa, 1 So. 3d 1149, 1150 (Fla. Dist. Ct. App. 2009) (affirming sanctions on appeal). The respondent did not pay the attorney's fees, and disciplinary proceedings were eventually initiated against him.

The Florida Supreme Court concluded that the respondent's misconduct constituted violations of the rules regulating the Florida bar, including rule 4-1.1 (lawyer shall provide competent representation to client); rule 4-3.4(d) (lawyer must not, in pretrial procedure, intentionally fail to comply with legally proper discovery request by opposing party); and rule 4-8.4(d) (lawyer shall not engage in conduct in connection with practice of law that is prejudicial to administration of justice). The court determined that a one-year suspension was warranted in light of numerous aggravating factors, including the respondent's continued refusal to acknowledge any wrongdoing, as well as his failure to pay any portion of the monetary sanctions that had been imposed upon him. Additionally, the court noted that both the judge who had issued the sanctions and the referee who had presided over the disciplinary proceedings expressed concerns as to the respondent's fitness to practice law. The court further observed that the respondent had continued to engage in abusive litigation practices in the course of the disciplinary proceedings, filing numerous frivolous and procedurally improper motions.

During the one-year suspension period, the Florida bar filed a petition for contempt and an order to show cause, alleging that the respondent had continued to practice law in disregard of his suspension. The respondent failed to file a response, and in April 2016, the Florida Supreme Court held the respondent in contempt and ordered that he be disbarred as a

issues may exist which appear to interfere with his ability to objectively evaluate facts, precedents, and court orders."

sanction; under Florida's disciplinary rules, the respondent would have become eligible to apply for readmission to the Florida bar after five years. See Fla. Bar Admiss. R. 2-13.1. However, the Florida bar subsequently filed a second petition for contempt and an order to show cause, alleging that the respondent had continued to engage in the practice of law even after his disbarment. The petition cited multiple cases in which the respondent had continued to file motions before courts in Florida. The Florida bar further noted that the respondent's motions advanced arguments that his disbarment violated his First Amendment right to engage in "litigation-related speech."

As before, the respondent failed to file a response to the allegations contained in the Florida bar's second petition for contempt. In September 2017, the Florida Supreme Court held the respondent in contempt and ordered that he be permanently disbarred from the practice of law in Florida.

The respondent failed to notify bar counsel of the professional discipline imposed in Florida within ten days, as is required by S.J.C. Rule 4:01, § 16 (6). It was not until several years later, in January 2021, that the respondent notified the general counsel to the Board of Bar Overseers of his disbarment in Florida. Thereafter, bar counsel filed a petition for reciprocal discipline in the county court. The respondent, who represented himself, moved to dismiss the petition, and he filed upwards of thirty other motions seeking various forms of relief before the single justice. In December 2021, the single justice issued an order disbarring the respondent from the practice of law in Massachusetts. In June 2022, the respondent was permitted to file a late notice of appeal.

2. Discussion. a. First Amendment argument. On appeal, the respondent does not challenge either the misconduct established in Florida or the procedure through which it was imposed. See S.J.C. Rule 4:01, § 16 (3), (5). He argues instead that, as a general matter, rules of professional responsibility serve as content-based restrictions on speech, in violation of the First Amendment. The single justice correctly rejected the argument. It is established that "States may regulate professional conduct, even though that conduct incidentally involves speech." National Inst. of Family & Life Advocates v. Becerra, 138 S. Ct. 2361, 2372 (2018). This permits the regulation of speech "as part of the practice of [the law], subject to reasonable licensing and regulation by the State" (emphasis in original). Id. at 2373, quoting Planned

Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 884 (1992). Indeed, an attorney's conduct during the pendency of a case may be subject to "ethical restrictions on speech to which an ordinary citizen would not be." Gentile v. State Bar of Nev., 501 U.S. 1030, 1071 (1991). See Matter of Cobb, 445 Mass. 452, 467-468 (2005). Further, "[i]t is unquestionable that in the courtroom itself, during a judicial proceeding, whatever right to 'free speech' an attorney has is extremely circumscribed. An attorney may not, by speech or other conduct, resist a ruling of the trial court beyond the point necessary to preserve a claim for appeal." Gentile, supra. Thus, we agree with the single justice that the respondent's First Amendment argument lacks merit.

b. Propriety of sanction. In matters of reciprocal discipline, we review the propriety of the sanction de novo. Matter of Kersey, 444 Mass. 65, 70 (2005). We may adopt the disciplinary action taken by the foreign jurisdiction "unless, among other considerations not relevant here, 'the misconduct established does not justify the same discipline in this Commonwealth.'" Matter of Sheridan, 449 Mass. 1005, 1007–1008 (2007), quoting S.J.C. Rule 4:01, § 16 (3). In other words, we assess whether "the discipline imposed by the single justice is . . . markedly disparate from that ordered in comparable cases." Matter of Kersey, supra.

As the single justice recognized, an attorney's willful, repeated noncompliance with court orders and failure to comply with discovery obligations typically results in a term suspension. See, e.g., Matter of Kersey, 444 Mass. at 70; Matter of Ring, 427 Mass. 186, 192 (1998), and sources cited ("The appropriate discipline for such knowing violations of court orders, violations which . . . interfered with a legal proceeding, is a suspension"). The respondent initially was disciplined in that manner in Florida. Subsequently, however, the respondent violated that suspension order, was disciplined again, and then violated the second disciplinary order. Each violation constitutes "entirely distinct misconduct." Matter of Shaughnessy, 446 Mass. 1013, 1013 (2006), S.C., 456 Mass. 1021 (2010).

Most egregious among the respondent's misconduct was his continued engagement in the unauthorized practice of law after his initial Florida disbarment. "There can be no question that the judgment of disbarment contains a clear and unequivocal command against practicing law." Matter of Shanahan, 26 Mass. Att'y Discipline Rep. 582, 588 (2010). The unauthorized

practice of law by a disbarred attorney is itself "sufficient basis for a judgment of disbarment."  Matter of McInerney, 389 Mass. 528, 536 n.11 (1983).  Here, the respondent's misconduct is further aggravated by his abject refusal to appreciate the wrongful nature of his behavior.  See Matter of Bailey, 439 Mass. 134, 152 (2003), and cases cited.  Indeed, he appeared to be unwilling to pay the monetary sanctions imposed upon him for his discovery-related misconduct, even years after the order of sanctions had been affirmed on appeal.  At the same time, no special mitigating circumstances are present in this case.  See Matter of Dawkins, 412 Mass. 90, 96 (1992) (lack of prior disciplinary history not considered special mitigating factor).  In these circumstances, we conclude that the reciprocal discipline of disbarment imposed by the single justice was appropriate.  See Matter of Lambert, 18 Mass. Att'y Discipline Rep. 357, 357 (2002) (imposing order of contempt and judgment of disbarment in response to attorney's failure to comply with order of indefinite suspension); Matter of Veysey, 26 Mass. Att'y Discipline Rep. 701, 703 (2010) (entering judgment of disbarment against attorney who had been administratively suspended for failing to cooperate with bar counsel's investigation of underlying misconduct, where attorney failed to comply with administrative suspension order and then failed to comply with resulting contempt order).

3.  Conclusion.  For the foregoing reasons, we affirm the judgment of the single justice disbarring the respondent from the practice of law.

Judgment affirmed.

The case was submitted on the record, accompanied by a memorandum of law.

Erwin Rosenberg, pro se.